FILED
06/05/2018
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 17, 2018

## STATE OF TENNESSEE v. TIMOTHY WAYNE TIDWELL

**Appeal from the Circuit Court for Bedford County**
**No. 18241     Franklin L. Russell, Judge**

_____

**No. M2017-00642-CCA-R3-CD**

_____

Defendant, Timothy Wayne Tidwell, was indicted by the Bedford County Grand Jury for one count of arson. Defendant was convicted as charged by a jury and sentenced by the trial court as a Range III offender to 15 years in the Tennessee Department of Correction. In this appeal as of right, Defendant contends that the evidence at trial was insufficient to support his conviction and that his sentence was excessive. Finding no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Donna Orr Hargrove, District Public Defender; and Michael J. Collins, Assistant Public Defender, Shelbyville, Tennessee, for the appellant, Timothy Wayne Tidwell.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Robert James Carter, District Attorney General; and Mike Randles, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### *Facts*

In June of 2015, Richard Napper moved out of his house located on Landers Street in Shelbyville to go live with his brother. Mr. Napper's brother agreed to pay Terry Tidwell, Defendant's father, $1,500 to make repairs to Mr. Napper's house in order to get the house ready to sell. Defendant had been assisting his father in doing the repairs.

In the early morning hours of July 13, 2015, Mr. Napper's brother was contacted by the Shelbyville Fire Department and told that there had been a fire at Mr. Napper's house. Mr. Napper testified that the "back portion of [the house] was just gone." Mr. Napper testified that the house could not be repaired, and he had to hire someone to tear it down and clear the lot. Mr. Napper testified that he did not want his house to burn down, and he did not give anyone permission to burn it.

On cross-examination, Mr. Napper testified that he received approximately $100,000 from insurance. He testified that he paid the mortgage balance of $57,000 from the insurance proceeds. He sold the lot for $5,000.

Mr. Napper's brother, James Napper, testified that he lived with his wife and his brother. He testified that he was the designated attorney-in-fact in his brother Richard's power of attorney. James Napper hired Terry Tidwell to make repairs to Richard's house. He signed a contract with Mr. Tidwell for the repairs. He testified that after the fire, the house was "too far gone" to salvage. James Napper testified that he did not give anyone permission to set the house on fire.

On July 13, 2015, Matt Doak, of the Shelbyville Fire Department, responded to a fire on Landers Street in Shelbyville. He testified that the fire department was able to suppress the fire and save most of the structure. He testified, "the fire had progressed from the rear of the building toward the front" and that most of the damage occurred in the rear of the building.

Cary Webb, a special agent for the Tennessee Bureau of Investigation, was called to investigate the fire. Agent Webb contacted Defendant in October, 2015. Agent Webb testified that Defendant initially denied any involvement in the fire, "[b]ut we came around to a point where he was admitting some involvement." Agent Webb interviewed Defendant on November 6, 2015. Agent Webb advised Defendant of his rights, and Defendant waived his rights. Defendant told Agent Webb that he had been approached by a woman who offered him $300 to burn down Mr. Napper's house. He stated that "he had poured Coleman fuel through a broken window pane in the rear door, and then subsequently ignited that with a disposable lighter." Agent Webb did not investigate the scene "[b]ecause the residence had been unsecured for nearly 90 days." He testified that any accelerant would have evaporated by that time. Defendant gave Agent Webb a written statement admitting his involvement. Defendant stated that he had never met James Napper or Richard Napper. An audio recording of Defendant's statement was played for the jury.

Defendant did not testify or present any evidence at trial.

*Analysis*

*Sufficiency of the Evidence*

Defendant contends that the evidence at trial was insufficient to sustain his conviction. When a defendant challenges the sufficiency of the evidence, the relevant question for this court is "whether, after viewing the evidence in the light most favorable to the State, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). On appeal, "'the State is entitled to the strongest legitimate view of the evidence and to all reasonable and legitimate inferences that may be drawn therefrom.'" *State v. Elkins*, 102 S.W.3d 578, 581 (Tenn. 2003) (quoting *State v. Smith*, 24 S.W.3d 274, 279 (Tenn. 2000)). Therefore, this court will not re-weigh or reevaluate the evidence. S*tate v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Instead, it is the trier of fact, not this court, who resolves any questions concerning "the credibility of witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence." *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997).

A guilty verdict removes the presumption of innocence and replaces it with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). The burden is then shifted to the defendant on appeal to demonstrate why the evidence is insufficient to support the conviction. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

This court applies the same standard of review regardless of whether the conviction was predicated on direct or circumstantial evidence. *State v. Dorantes*, 331 S.W.3d 370, 381 (Tenn. 2011). "Circumstantial evidence alone is sufficient to support a conviction, and the circumstantial evidence need not exclude every reasonable hypothesis except that of guilt." *State v. Wagner*, 382 S.W.3d 289, 297 (Tenn. 2012).

As it relates to the present case, a person commits arson who "knowingly damages any structure by means of a fire or explosion" and "[w]ithout the consent of the persons who have a possessory, proprietary or security interest therein." T.C.A. § 39-14-301(a)(1) .

On appeal, Defendant contends that the evidence supports the lesser-included offense of reckless burning instead of the conviction offense of arson. Defendant asserts that he "did not know that the owner had not consented to the burning," and because it was "reasonable that he assumed that the owner consented to this burning." The State responds that the evidence is sufficient to support Defendant's conviction for arson.

Defendant admitted to having set fire to Mr. Napper's house. Mr. Napper testified that he never gave anyone permission to burn down his house. Defendant asserts that another individual, who apparently assisted in the hiring of Defendant's father to do the repairs to Mr. Napper's house, "set up" Defendant to set the fire. The only evidence to support this assertion was a portion of Defendant's statement to Agent Webb. As the trier of fact, the jury was free to disregard and find that portion of the statement not credible. *See State v. Jeremy Wendell Thorpe*, No. M2012-02676-CCA-R3-CD, 2013 WL 5436701, at *6 (Tenn. Crim. App. Sept.27, 2013) ("The jury, as the sole arbiter of the facts and the credibility of the witnesses, was free to accredit any portion of any witness's testimony as it saw fit.") (citing *State v. Allen*, 69 S.W.3d 181, 189 (Tenn. 2002); Tenn. Const. art. I, § 19)). Based on the evidence at trial, any rational trier of fact could reasonably find that Defendant committed arson. Defendant is not entitled to relief.

*Sentencing*

Defendant contends that the trial court abused its discretion in imposing his sentence. Specifically, Defendant asserts that the maximum within range sentence of 15 years is excessive.

It is well settled that this court reviews within range sentences and alternative sentences imposed by the trial court under an abuse of discretion standard with a presumption of reasonableness. *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012); *State v. Caudle*, 388 S.W.3d 273, 278-79 (Tenn. 2012). Once the trial court has determined the appropriate sentencing range, it "is free to select any sentence within the applicable range." *State v. Carter*, 254 S.W.3d 335, 343 (Tenn. 2008) (citing T.C.A. § 40-35-210 (d)). When determining a defendant's sentence and the appropriate combination of sentencing alternatives, trial courts are to consider the following factors:

(1) The evidence, if any, received at the trial and the sentencing hearing;
(2) The presentence report;
(3) The principles of sentencing and arguments as to sentencing alternatives;
(4) The nature and characteristics of the criminal conduct involved;
(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;
(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and
(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

T.C.A. § 40-35-210(b). The trial court must state on the record the statutory factors it considered and the reasons for the ordered sentence. T.C.A. § 40-35-210(e); *Bise*, 380 S.W.3d at 705-06. "Mere inadequacy in the articulation of the reasons for imposing a particular sentence, however, should not negate the presumption [of reasonableness]." *Bise*, 380 S.W.3d at 705-06. A trial court's sentence "should be upheld so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Id.* at 709-10.

The parties agreed that Defendant was a Range III offender. Arson is a Class C felony. T.C.A. § 39-14-301(b)(1). The sentencing range for a Range III offender convicted of a Class C felony is 10 to 15 years. T.C.A. § 40-35-112(c)(3). Thus, Defendant's 15-year sentence is within range.

At the conclusion of the sentencing hearing, the trial court found that Defendant had a history of previous criminal behavior. The trial court noted that Defendant's criminal history was "absolutely horrific, and there are a multitude of convictions" in addition to those necessary to establish Defendant's Range III offender status. Defendant's prior convictions included, "13 theft, felony theft convictions; one facilitation of theft between 1,000 and 10,000; a simple burglary." The trial court also found that Defendant had failed to comply with the conditions of release "to an extreme degree." The trial court noted,

> I use "R"s to indicate revocations in my notes from the presentence reports, and I've got "R"s where he was revoked in, from a conviction in 2013 on theft, on facilitation of theft in the same year. He was . . . revoked in 2010 on a theft between 1,000 and 10,000. So, he has a multitude of those.

The trial court found that Defendant was on supervised probation in two other counties at the time he committed the offense in this case. The trial court found that enhancement factor six was present, because "there was a great amount of damage" to the victim's property, but the trial court stated that it did not afford any weight to that factor. The trial court also determined that there were no applicable mitigating factors. The trial court noted that Defendant's conduct did not cause serious bodily injury, but stated, "even assuming that mitigating factor number (1) is present, I give it no weight under these circumstances." Accordingly, the trial court imposed the maximum sentence in Range III of 15 years.

Defendant argues that the trial court's use of "three or four enhancing factors to enhance to the maximum sentence is . . . an abuse of discretion." He also states in his

brief that "Tennessee prisons are overcrowded," and that "[g]iving an offender a fifteen[-]year sentence only stretches those resources even thinner." Defendant cites *State v. Ashby*, 823 S.W.2d 166 (Tenn. 1991), in which our supreme court stated that "[t]he imposition of sentences must accede to the reality that the state does not have available sufficient prison facilities to accommodate all persons who, according to traditional concepts of punishment, would be incarcerated. *Id*. at 168. The court noted in *Ashby* that the legislature, in response to overcrowding, had created a presumption in favor of alternative sentencing for especially mitigated and standard offenders. *Id*. at 168-169 (citing T.C.A. § 40-35-102(5)). However, as noted, Defendant is a Range III *persistent* offender.

We conclude that the trial court imposed a within-range sentence after considering the purposes and principles of sentencing. Accordingly, we conclude the trial court did not abuse its discretion, and we affirm the sentence.

CONCLUSION

Based on the foregoing analysis, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE